STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 106-7-14 Vtec

NRB v. Stratton Corporation

## ENTRY REGARDING MOTION

Title:          Motion for Interlocutory Appeal (Motion 7)
Filer:          Treetop at Stratton Condo Association
Attorney:    A. Jay Kenlan
Filed Date:  July 27, 2015

Response in opposition filed on 07/30/2015 by Attorney Lisa B. Shelkrot for Respondent Stratton Corporation
Response in Opposition filed on 08/05/2015 by Attorney Peter J. Gill for Petitioner Natural Resources Board

**The motion is DENIED.**

This matter is an enforcement action brought by the Vermont Natural Resources Board (NRB) against Treetop Development Company, LLC, Treetop Three Development Company, LLC, Intrawest Stratton Development Corporation, and The Stratton Corporation (collectively Stratton) for the failure to construct a development consisting of 25 three-unit townhouse buildings near Stratton Mountain in the Town of Stratton, Vermont (the Project) in accordance with the Act 250 Permit granted to the Project and without receiving written approval for the alterations. Some of the deviations from the Act 250 Permit involved the stormwater management systems, which the Permit required be constructed in conformance with stormwater discharge permits previously granted to Stratton by the Agency of Natural Resources (ANR). On March 12, 2012, Stratton applied for an Act 250 permit amendment to remedy all violations and restore the Project site. On October 21, 2013, the Commission issued Land Use Permit Amendment 2W1142-D to address the remediation and alterations (the Permit Amendment). This Permit Amendment was not appealed and is therefore final.

Subsequent to the Permit Amendment, this matter was initiated by the NRB to resolve Stratton's Act 250 violations. The NRB and Stratton entered into an Assurance of Discontinuance on July 15, 2014 (the AOD) to resolve the Permit violations and address Stratton's failure to obtain the Permit Amendment prior to altering the project. The AOD requires Stratton to comply with the Permit and the Permit Amendment, take certain actions to bring the Project site into compliance with all permit conditions and regulations, pay a civil penalty, and reimburse the Natural Resources Board and the Agency of Natural Resources for the cost of enforcement. In a decision dated November 14, 2014, the Court granted the

Treetop at Stratton Condominium Association, Inc.'s (the Association) motion to intervene in this enforcement action pursuant to 10 V.S.A. § 8020, recognizing that the intervention was limited to the issue of whether the terms of the AOD were insufficient to carry out the purposes of the enforcement statutes.

Following the Court's grant of intervention, the parties disputed the scope of the matter before the Court. The Association argued that it could present evidence regarding any and all violations it believed existed at the Project. Stratton, on the other hand, argued that the Court should only look to the violations described in the AOD, which related to the violations which existed prior to issuance of the Permit Amendment. The Court, by decision dated April 10, 2015, agreed with Stratton and concluded that the statutory framework provided that, although the Association had the right to participate in the NRB's enforcement action, it did not have the right to expand the scope of the enforcement action to violations not alleged in the AOD. The Court reasoned that any further alleged violations should be addressed through subsequent additional enforcement actions related to the Permit Amendment.

After issuance of the April 10 decision, Stratton moved for partial summary judgment arguing that because the Permit Amendment addressed all remedial measures necessary to bring the project into compliance with applicable law, this enforcement action should be limited to a determination of the appropriate administrative penalty. The Association opposed the motion arguing that the Permit Amendment did not address all of Stratton's violations, and therefore, further injunctive relief may be appropriate. The Court, by decision dated July 13, 2015, granted Stratton's motion and determined that the unappealed Permit Amendment precluded arguments that Stratton had failed to remedy the violations existing prior to the issuance of that permit. The Association now moves for permission of this Court to take an interlocutory appeal to the Vermont Supreme Court of this decision.

Under Vermont Rule of Appellate Procedure (V.R.A.P.) 5(b) a party may move to appeal an interlocutory order by permission of the Superior Court. Such a motion must be filed within 10 days after entry of the order or ruling appealed from. The Court must grant a party permission to appeal upon reaching three conclusions: (1) the order "involves a controlling question of law;" (2) the question of law is one about which "there exists substantial ground for difference of opinion;" and (3) "an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1).

The "controlling question of law" that the Association seeks to appeal is framed by the Association as follows:

> [W]hether, as a matter of fundamental Environmental Court jurisdiction in an enforcement action the Environmental Court is limited in its authority to review only events and circumstances occurring on or before the date of the AOD, or is the Court's jurisdiction under the relevant provisions of Title 10, Chapter 201 broad enough to encompass and address Stratton Corporation's continuing violations through and including the date of a hearing on the merits.

2

(Mot. for Permission to Appeal at 24, filed July 27, 2015). Both Stratton and the NRB suggest that this question was resolved not by our most recent July 13 decision but by the April 10 decision and therefore the motion to take an interlocutory appeal is untimely filed. We agree; the decision on motion for summary judgment resolved the issue of injunctive relief as it relates to the violations contained in the AOD. The decision regarding the Court's authority to consider additional violations was issued on April 10. Rule 5(b)(5) makes clear that "[t]he motions <u>must</u> be filed within 10 days after entry of the order or ruling appealed from. . . ." Because the present motion was not timely filed, it is **DENIED**.

We do note, however, that the motion would be denied even if we were to consider the merits. The issue decided is not one over which there exists substantial grounds for difference of opinion and granting the motion would not materially advance termination of the litigation.

The question that the Association poses, whether this Court may "review only events and circumstances occurring on or before the date of the AOD," is significantly broader than the issues actually raised to and decided by this Court in our prior decisions. The Court determined that only those <u>violations</u> that are contained within the AOD are before the Court in an enforcement action. It is established that the Court may consider "events and circumstances" occurring after the issuance of the AOD only as they relate to the violations before the Court. See, e.g. <u>City of St. Albans v. Hayford</u>, 2008 VT 36, ¶ 17, 183 Vt. 596 (mem.) (concluding that the Court had "the discretion to determine the amount of [the] fine, and, in doing so, to balance any continuing violation against the cost of compliance and to consider other relevant factors. . ."). For example the Court may consider the length of time a violation exists, which may include a period of time after issuance of the AOD. See 10 V.S.A. § 8010(b)(8). This does not include additional violations arising after the issuance of the AOD.

The Association asks the Court to determine that additional violations exist apart from those included in the AOD. In doing so, the Association continues to ignore the important legal effect of the Permit Amendment. In granting the Permit Amendment the District Commission determined that the Project under review complies with Act 250. The Commission is not legally authorized to grant an Act 250 Permit without making positive findings. The Association did not appeal the Permit Amendment, despite the fact that the Association participated in the hearings on the Permit Amendment and had an opportunity to do so. The Permit Amendment is therefore final and binding on all parties. Thus, if the Project is still alleged to be in violation of Act 250 after issuance of the Permit Amendment this would be a new violation beyond those violations that are the subject of the AOD.

As we noted in several of our past decisions, it is the NRB that has the authority to enforce Act 250 and the land use permits issued thereunder. See 10 V.S.A. § 6027(g) ("The Natural Resources Board . . . may initiate enforcement on related matters, under the provisions of chapters 201 and 211 of this title. . . ."). Neither the Association, nor this Court, has the authority to determine that new violations exist and exercise the discretion granted to the NRB to enforce the Act. The Court cannot find any legal support for the Association's position that the Court can simply add violations to an ongoing enforcement action, especially within the context of the statutorily limited review of an AOD. If this motion were timely filed we would

conclude that there are not substantial grounds for difference of opinion on the question the Association presents.

The Court further notes that this matter is set for trial in September in order to conduct a limited hearing as to whether the AOD is sufficient to carry out the purposes of Title 10, Chapter 201, and more specifically the appropriate penalties in light of the violations. As the Court has already set the hearing date and determined the scope of the hearing, delaying that hearing in order to proceed to the Supreme Court on the issue raised would not advance termination of the litigation.

For the reasons stated above, the Association's motion for permission to take an interlocutory appeal to the Vermont Supreme Court is **DENIED** as that motion was not timely filed; and even if it was timely filed we would conclude that the motion must be denied because an interlocutory appeal of the issues raised does not meet the high standards for granting such a motion set out in V.R.A.P. 5(b).

Electronically signed on August 11, 2015 at 09:30 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Peter J. Gill (ERN 4158), Attorney for Petitioner Natural Resources Board
Lisa B. Shelkrot (ERN 2441), Attorney for Respondent Stratton Corporation
A. Jay Kenlan (ERN 3775), Attorney for Intervenor Treetop at Stratton Condo Assn
Elizabeth B. McDonald (ERN 5715), Attorney for Interested Person Agency of Natural Resources